## No. 16-3603, 16-3691

## IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| THE NORTHEAST OHIO COALITION FOR THE HOMELESS, ET AL., | : : : | On Appeal from the United States District Court |
| Plaintiffs-Appellees, | : : | for the Southern District of Ohio, Eastern Division |
| v. | : | |
| JON HUSTED, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF THE STATE OF OHIO, ET AL., | : : : | District Court Case No. 2:06-cv-00896 |
| Defendants-Appellants. | : | |

### APPELLANTS' EMERGENCY MOTION TO EXPEDITE CONSIDERATION OF APPELLEES' EN BANC PETITION OR TO IMMEDIATELY ISSUE THE MANDATE

MICHAEL DEWINE
Ohio Attorney General

ERIC E. MURPHY* (0083284)
State Solicitor
 *Counsel of Record
MICHAEL J. HENDERSHOT (0081842)
Chief Deputy Solicitor
STEPHEN P. CARNEY (0063460)
Deputy Solicitor
RYAN L. RICHARDSON (0090382)
ZACHERY P. KELLER (0086930)
Assistant Attorneys General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614-466-8980; 614-466-5087 fax
eric.murphy@ohioattorneygeneral.gov

Counsel for Appellants Ohio Secretary of
  State Jon Husted and State of Ohio

## APPELLANTS' EMERGENCY MOTION TO EXPEDITE CONSIDERATION OF APPELLEES' EN BANC PETITION OR TO IMMEDIATELY ISSUE THE MANDATE

Ohio Secretary of State Jon Husted and the State of Ohio (together, "Ohio") move the Court under Federal Rule of Appellate Procedure 2 and Sixth Circuit Rule 27(f) to expedite consideration of the petition for en banc rehearing filed by the Plaintiffs (together, "NEOCH"). Such expedition would implement the Court's earlier order granting expedited treatment of this appeal, and comport with the panel's expedited resolution of the merits mostly in Ohio's favor. This Court in June granted Ohio's initial motion to expedite, which asked the Court to "expedite this appeal to give the Court time to resolve it—including with any appropriate en banc proceedings—by the end of August or early September 2016." Now, as September ends, Ohio starts voting in two weeks, on October 12. The judgment issued by this Court speaks to actions that could be taken starting that day. Ohio thus respectfully seeks resolution by October 7, so that its election officials have time to know what rules will apply for the upcoming election. NEOCH's petition itself refers to the need for "prompt" review, and cites this upcoming election as the basis. Yet timing is even tighter now because NEOCH used the full 14 days for seeking en banc review—literally filing after the eleventh hour last night.

Ohio respectfully suggests that the Court can achieve expedition in one of two ways. It can deny NEOCH's petition for en banc rehearing and issue the

mandate by October 7, or it can issue the mandate for the panel's judgment, subject to a recall if the Court opts to consider, *after* the election, whether to grant the petition for en banc review.

**A.     To Allow It To Advise County Boards Of Election Of The Governing Voting Procedures, Ohio Respectfully Requests Guidance *For The Upcoming Election* By October 7 Before The General Absentee-Voting Period Opens On October 12.**

Resolution of Ohio's election laws by October 7 is essential. Ohio's general absentee-voting period, including in-person voting and normal absentee voting, starts on Wednesday, October 12. (Indeed, absentee ballots are already arriving from military and overseas voters.) Some of the issues in this case could affect conduct undertaken within the absentee-voting period—not just conduct on, and canvassing after, Election Day. If, for example, an absentee ballot is received with insufficient identifying information in any respect, the county board of elections immediately sends a letter notifying the voter of the problem and of the "cure period" allowed to fix it. That notification implicates both the issues of what information may be required and of what cure period voters are notified of (a 7-day period or a 10-day period). Also, some voters who were registered in one county but have moved to a new address may cast provisional ballots during the absentee-voting period, implicating provisional-ballot issues. The issue of when poll-workers may assist voters filling out forms is also implicated during the absentee-

voting period. Finally, Election Day poll-workers must also be informed of the rules, with training now underway.

Already, NEOCH's last-minute filing has caused the Secretary of State to cancel a training session for election officials that had been scheduled for this morning, and has delayed the issuance of a directive related to absentee ballot identification statements and provisional ballot affirmations.

**B.     Because The Court's Normal En Banc Process Would Take Too Long, Ohio Requests Expedited En Banc Review Or Expedited Issuance Of The Mandate.**

The Court's normal en banc process—which generally keeps the petition for en banc rehearing with the panel for fourteen days, *see* 6 Cir. I.O.P. 35(d)—would not reach a resolution by October 7. Thus, Ohio respectfully asks the Court to expedite the process for en banc consideration. Indeed, that expedition would be consistent with the entire manner in which the Court has treated this case. The district court issued its order on June 7, and by June 10, Ohio had appealed and filed both a motion to expedite for full resolution by late August or early September (which was granted) and its petition for initial en banc review (which was denied). The parties engaged in expedited filing of their four briefs in about a month's time, and this Court issued its expedited decision on September 13. And while NEOCH has used the entire 14-day window to seek en banc review, its petition itself agrees that "prompt" review is needed given the pending election.

Pet. at 7. Yet, full en banc merits review is impossible to complete by October 7, so the question is what can and should be done now.

Ohio respectfully request one of two options. *First*, the Court can deny NEOCH's petition for en banc rehearing and immediately issue the mandate by October 7. *Second*, and alternatively, the Court can wait until *after* the upcoming election to decide whether to grant NEOCH's petition for en banc review, and immediately issue the mandate for the panel's judgment (subject to a potential recall if it opts to grant en banc review later). Under Fed. R. App. P. 41(b), the Court may issue its mandate at *any* time. Indeed, a Fourth Circuit panel issued its mandate on the same day that it issued its decision reversing the district court decision in its recent election case. *See N.C. State Conference of the NAACP v. McCrory*, No. 16-1469, R.153 (Judgment and Mandate Issued on 7/29/2016). At day's end, Ohio simply seeks to ensure that the panel's reasoned judgment—after full briefing and argument—can be effective for this election (as was anticipated after the Court's order granting the motion to expedite).

## CONCLUSION

Ohio respectfully asks the Court to expedite the consideration of NEOCH's petition for en banc rehearing so that a mandate issues by Friday, October 7, 2016.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

*/s/ Eric E. Murphy*
ERIC E. MURPHY*
State Solicitor
 *Counsel of Record*
MICHAEL J. HENDERSHOT
Chief Deputy Solicitor
STEPHEN P. CARNEY
Deputy Solicitor
RYAN L. RICHARDSON (0090382)
ZACHERY P. KELLER (0086930)
Assistant Attorneys General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614-466-8980; 614-466-5087 fax
eric.murphy@ohioattorneygeneral.gov

Counsel for Appellants Ohio Secretary of
  State Jon Husted and the State of Ohio

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 28th day of September 2016, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

               */s/ Eric E. Murphy*
               ERIC E. MURPHY